UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAURA GOODEN

VERSUS

REGIONS BANK, ET AL

CIVIL ACTION

NO. 010--BAJ-SCR   10-299

## RULING AND ORDER

This matter is before the Court on a motion by defendant, Regions Bank, to dismiss plaintiff's state law race discrimination claim for failure to state a claim upon which relief can be granted (doc. 7). No opposition has been filed. Jurisdiction is based on 28 U.S.C. § 1331.

On April 27, 2010, plaintiff initiated this action by filing a complaint that alleges a claim of race discrimination under the Louisiana Employment Discrimination Law, LSA–R.S. § 23:301 *et seq.*, as well as claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964. According to the complaint, she became a teller with Regions Bank in June of 1996 and worked there until her employment was terminated on February 2, 2007. The complaint further alleges that she was subjected to racial discrimination during her employment and, that she received a "Notice of Right to Sue" letter on January 27, 2010.

In support of the present motion, defendant, Regions Bank, argues that the state law claim of employment discrimination is prescribed.

## LAW AND DISCUSSION

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in the complaint are accepted as true and the allegations are construed in the light most favorable to the plaintiff. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 341 (5th Cir. 2005), *certy. denied,* 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, n. 14, 127 S.Ct. 1955, 167 S.Ed.2d 929 (2007).

The Louisiana Employment Discrimination Law provides in pertinent part:

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

LSA–R.S. §23:303(D).

Plaintiff's state law claim of race discrimination under the Louisiana Employment Discrimination Law, LSA–R.S. § 23:301 *et seq.*, is grounded upon allegations of racial discrimination during her employment with Regions Bank. According to the complaint, that employment terminated on February 2, 2007, and

prescription, therefore, began to run on the following day.  Under the specific provisions of LSA–R.S. §23:303(D), plaintiff had, at most, one year and six months to file suit on her claim under the Louisiana Employment Discrimination Law. However, the complaint in this matter was filed on April 27, 2010, over three years after the termination of her employment with Regions Bank and well beyond the maximum prescriptive period of one year and six months.

Therefore, accepting the facts alleged in the complaint as true and construing the allegations in the light most favorable to the plaintiff, the Court finds that the complaint fails to state a claim under the Louisiana Employment Discrimination Law upon which relief can be granted, because, under the facts alleged, the claim is prescribed.

## CONCLUSION

Accordingly, the motion by defendant, Regions Bank, to dismiss plaintiff's state law race discrimination claim for failure to state a claim upon which relief can be granted (doc. 7) is hereby **GRANTED** and **IT IS ORDERED** that plaintiff's Louisiana's Employment Discrimination Law claim is hereby **DISMISSED**.

Baton Rouge, Louisiana, October 29, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA